UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:06CV12-3-MU

| | |
|---|---|
| BARDONIANO O. LOPEZ,  )<br>  )<br>  Petitioner,  )<br>  )<br>  v.  )<br>  )<br>LAWRENCE SOLOMON, Supt. Of Odom  )<br>Correctional Inst.,  )<br>  )<br>  Respondent.  )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2254 Petitioner for Writ of Habeas Corpus (Document No. 1) filed January 20, 2006 and Petitioner's "Motion for Appointment of Counsel or in the Alternative for a Federal Probe Investigation" (Document No. 2) filed on the same day.

According to the Petition, on October 8, 2002 Petitioner entered a plea of no contest to one count of second degree murder and one count of an unrelated charge of assault with a deadly weapon with intent to kill inflicting serious injury and was sentenced to 151-191 months imprisonment. Petitioner did not appeal his conviction or sentence.

On September 8, 2005, Petitioner filed a Motion for Appropriate Relief ("MAR") in the Superior Court in Ashe County which was denied on October 14, 2005. On November 22, 2005 Petitioner filed a petition for a writ of certiorari in the North Carolina Court of Appeals which was denied on December 5, 2005. Petitioner filed the instant habeas petition on January 20, 2006.

In April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), effectively amending 28 U.S.C. § 2254 by adding the following language:

A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B)    the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented for filing by such State action;
    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. Petitioner was sentenced on October 8, 2002 and did not directly appeal. He did not even begin the state collateral review process until September 8, 2005, almost three years after his conviction.

Here, in the instant petition, Petitioner concedes that his petition is late under the AEDPA, but argues that he should not be barred from filing his petition now as because he is Mexican and was never informed of the one year limitations period. However, equitable tolling is not often granted. To be sure, the Fourth Circuit Court of Appeals has stated that such tolling is allowed only in "those rare instances where-–due to circumstances external to the party's own conduct-–it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004).

Petitioner's stated reasons for not filing his habeas petition within the one-year limitations period will not save his petition. See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.) (Neither petitioner's unfamiliarity with legal process nor his lack of representation during applicable filing period merits equitable tolling of the one-year period of limitation on federal habeas petitions, regardless of whether this unfamiliarity is due to illiteracy or any other reason), cert. denied, 528 U.S. 1007 (1999). Therefore, the Petitioner's Writ of Habeas Corpus Petition must be dismissed as it is untimely.

## IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED** and his "Motion for Appointment of Counsel or in the Alternative for a Federal Probe Investigation" is **DENIED**.

**SO ORDERED.**

Signed: February 6, 2006

Graham C. Mullen
United States District Judge