UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:06CV12-3-MU

| | |
|---|---|
| BARDONIANO O. LOPEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| LAWRENCE SOLOMON, Supt. Of Odom ) | |
| Correctional Inst., ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion to Set Aside (Rule 60(b))" filed February 17, 2006 (Document No. 5.) For the reasons stated in this Order, Petitioner's Motion is DENIED.

On October 8, 2002 Petitioner entered a plea of no contest to one count of second degree murder and one count of an unrelated charge of assault with a deadly weapon with intent to kill inflicting serious injury and was sentenced to 151-191 months imprisonment. Petitioner did not appeal his conviction or sentence.

On September 8, 2005, Petitioner filed a Motion for Appropriate Relief ("MAR") in the Superior Court in Ashe County which was denied on October 14, 2005. On November 22, 2005 Petitioner filed a petition for a writ of certiorari in the North Carolina Court of Appeals which was denied on December 5, 2005. Petitioner filed a habeas petition on January 20, 2006 which this Court dismissed as untimely on February 6, 2006.

Both in his Petition and the instant motion, Petitioner concedes that his petition was late

under the AEDPA, but argues that he should not be barred from filing his petition now because he is Mexican and was never informed of the one year limitations period. Petitioner further argues in the instant motion that "the AEDPA one year limitations period [was] hidden, undisclosed, kept unknown, never mentioned, notified, or posted during, prior or after pretrial matters or at every stage or proceeding, plea hearing, and, or throughout NC DOC." (Motion ¶ 9.)

As this Court stated in its previous Order, equitable tolling is not often granted. To be sure, the Fourth Circuit Court of Appeals has stated that such tolling is allowed only in "those rare instances where-—due to circumstances external to the party's own conduct—-it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004). Petitioner's stated reasons for not filing his habeas petition within the one-year limitations period will not save his petition. See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.) (Neither petitioner's unfamiliarity with legal process nor his lack of representation during applicable filing period merits equitable tolling of the one-year period of limitation on federal habeas petitions, regardless of whether this unfamiliarity is due to illiteracy or any other reason), cert. denied, 528 U.S. 1007 (1999). Therefore, the Petitioner's Motion to Set Aside is DENIED.

## IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Motion to Set Aside is **DENIED** (Document No. 5.)

**SO ORDERED.**

Signed: April 10, 2006

Graham C. Mullen
United States District Judge